#### FOR THE COUNTY OF

## YORK.

### *APRIL TERM,*

### 1824.

*Memorandum.*—The continued indisposition of PREBLE J. occasioned his absence at this term.

---

## WITHAM *v.* PERKINS.

Where a tenant by the curtesy of an undivided portion of an estate had abandoned the land for more than forty years, leaving it in the possession of another tenant in common, whose occupancy was no ouster ;—it was held that the reversioner of such undivided portion of the estate had no right of entry upon the tenant in possession, during the life of the tenant by the curtesy, his abandonment of the land being no forfeiture of the estate.

**T**HIS was a writ of entry on the demandant's own seisin. She was the grand-daughter of *Eliphalet Perkins*, who died in 1775, leaving six children, of whom the tenant was one, and *Lydia*, the demandant's mother, who afterwards married *David Thompson*, was another. The demandant, who was the issue of this marriage, was born in *December* 1784, eight days before the death of her mother. On the death of *Eliphalet Perkins*, the tenant entered into and took actual possession of his whole estate, of which the demanded premises are a part; and continued to hold it till the commencement of this action; the demandant having made a *formal* entry in 1822, just before the present suit was instituted. It appeared that *David Thompson*, the demandant's father, had never claimed or exercised any right to the premises as tenant by the curtesy, and that he was still living.

Witham v. Perkins.

At the trial of this cause, before the Chief Justice, the tenant contended that he had held the premises adversely to the title and claim of the demandant for more than forty years, and during that time had disseised the demandant and her mother. The demandant insisted that the tenant's possession was not adverse, but as tenant in common, for the benefit of himself and the other heirs; and thus that no disseisin had been committed until after her entry in 1822. This the Judge left to the jury, with instructions to find for the tenant, if they believed from the evidence that his possession had been *adverse* to the title or claim of the demandant;—but to find for the demandant if they were satisfied that the possession of the tenant had been as tenant in common with the demandant, and for her benefit as well as his own. Under these instructions they returned a verdict for the demandant, which was taken subject to the opinion of the Court upon these questions,—whether the demandant, *during the life of her father*, could lawfully enter upon, and maintain an action for the lands ;—and whether the tenant could avail himself of the title of the father, under the foregoing circumstances, as a good defence.

*Shepley*, for the tenant, maintained the following positions.—
1. The verdict having found that the occupancy of the tenant was not *adverse* to the title of the demandant, and of course that it was concurrent with the seisin of her mother, the father of the demandant became tenant by the curtesy on the decease of his wife. No *entry* was necessary to complete his estate ;—the law *adjudges* the freehold to be in him. *Cruise's Dig. tit. 5. ch. 2. sec. 30. Jackson ex dim. Beeckman v. Selleck*, 8 *Johns.* 262.—
2. The case discloses no facts from which it can be inferred that this tenancy for life has been determined. He has not conveyed a greater estate,—nor claimed a greater,—nor affirmed the estate to be in a stranger. *Co. Lit.* 251. *b.* 252. *a.* Nor is it lost by *non-user.* The case of *Wells v. Prince*, 4 *Mass.* 64, and 9 *Mass.* 509. intimates that the reversioner might enter, notwithstanding a lesser estate existing ;—but that was the case of a *devised* estate,—and a devisee has no estate till entry by him or for his use. But *here* the law *executes* the estate in the

tenant by the curtesy, on the death of the wife. So in *Walling-ford v. Hearl*, 15 *Mass.* 471. it is said that the reversioner may enter before the death of the tenant for life, *if he refuse* to enter. But to reconcile this with other authorities, it must be intended that if the tenant for life refuses to enter, the reversioner may *enter in his name*, and only to secure *his own rights. Cruise's Dig. tit.* 35. *ch.* 14. *sec.* 54.——3. The reversioner cannot enter in his own right till the particular estate is determined. He can only be said to be *entitled to*, not *seised of*, the reversion. *Cruise's Dig. tit.* 17. *sec.* 12. 8 *Johns.* 262.——4. No action can be maintained in the case at bar, unless the demandant *has had* a right of entry. A writ of entry only serves to *regain* a posses-sion, which has been lost. 1 *D. & E.* 758. 2 *D. & E.* 695. 3 *Burr.* 1416.

*Emery*, for the demandant. The old doctrines in favour of a tenant by the curtesy, proceed wholly on the feudal principle of securing the performance of personal services to the lord. And the tenant in such case held of the lord, and not of the heir or reversioner. But this doctrine has now no reason to rest upon, and is obsolete;—it is in derogation of the well settled principle that the right by *descent* is always to be favoured in law. 2 *Inst.* 301. *Sir Tho. Jones*, 182. 9 *Mass.* 508. 15 *Mass.* 471. 4 *Johns.* 390.

It does not follow that because the tenant by the curtesy may forfeit his estate in certain enumerated methods, that he can forfeit it in no other. Here he has omitted to enter for more than twenty years,—until the right of entry was gone. And after this period it is not for a stranger to oppose *his* title against an entry by the reversioner. The neglect of the estate by the tenant by the curtesy, may be considered as a renunciation of it in favour of the heir. It is a *refusal*,—upon which, the au-thorities are explicit, the reversioner may enter for the protec-tion of the inheritance. His right to make such entry, no mere stranger can limit nor deny. It is a question wholly be-tween the heir and the tenant by the curtesy, or those claiming under the tenant of the particular estate. *Wells v. Prince*, 4 *Mass.* 64. *Wallingford v. Hearl*, 15 *Mass.* 471.

The cause, after argument, being continued *nisi*, the opinion
of the Court was delivered at the ensuing term in *Cumberland*, by

MELLEN C. J. The demandant is the grand-daughter of
*Eliphalet Perkins*, and the tenant is his son, and has been in the
open and actual possession of the lands and estate of which
the demanded premises are a part, for more than forty years
before the commencement of this action. A short time before
it was commenced, the demandant made a *formal entry*, and
then claimed her share of the estate ;—in this action she de-
clares on her own seisin ;—and the questions are—whether she
had a *right of entry* and a *right of action* when this suit was
commenced ;—and whether she can have any such right during
the life of *David Thompson* her father. The jury have decided
that the long continued and actual possession of the tenant has
been as *tenant in common* with the other heirs of *Eliphalet Perkins* ;
and so not an adverse possession, and a disseisin of those heirs.
It follows that when *Mrs. Thompson* died in 1784, she died seis-
ed, as tenant in common with the other heirs of her father ;
the tenant's possession being constructively the possession of
all his co-tenants. *David Thompson*, on the death of his wife,
became seised, *as tenant by the curtesy*, of the share in common,
of which his wife died seised ; and for the same reason that the
actual possession of the tenant has not been adverse to the
right and title of the *heirs*, it has not been adverse to the right
and title of *Thompson* as tenant by the curtesy ;—and hence
also it follows that ever since the death of his wife he has been
*constructively* in possession as tenant in common with *Perkins*
the tenant. This estate of *Thompson* still continues, and his
rights have not been impaired by any act on his part, though
the tenant has been permitted to occupy and receive the profits
of the estate. From this view of the facts of the case, and the
application of well known principles to those facts, it plainly
results that during the life of *David Thompson* the tenant by
the curtesy, the heirs of his wife can have no right of entry
upon the lands, whether in the actual or constructive possession
of *Thompson* himself, or of any other person. The entry, then,
of the demandant, made upon the lands previous to the com-
mencement of this action, was *without right*, and proves no law-

ful seisin sufficient to maintain this action ;—and being merely a *formal entry*, she thereby gained no title by wrong, in virtue of which she might maintain a writ of entry against the person on whose possession such formal entry was made. It is competent for the tenant to make this defence, and we are of opinion it is sufficient to bar the plaintiff. Let the verdict be set aside, and a nonsuit be entered.